IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:21-cr-167-1-JDK |
| JOHN CARL FERRELL, M.D. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO WITHDRAW PLEA OF GUILTY**

Before the Court is Defendant John Carl Ferrell, M.D.'s Motion to Withdraw Plea of Guilty. Docket No. 165. The Court **DENIED** the motion at a hearing held November 30, 2022. This memorandum opinion further elaborates upon the Court's reasoning.

**I.**

On January 4, 2022, a one-count Information was filed against Ferrell, a physician, alleging a violation of 21 U.S.C. § 846 for conspiring to distribute and dispense multiple controlled substances, including Fentanyl, Morphine, Oxycodone, Methadone, Hydrocodone, Hydromorphone, and mixed Amphetamine Salts, in violation of 21 U.S.C. §§ 841, 842, and 846. Docket No. 74. That same day, Ferrell entered a plea of guilty to Count 1 of the Information before United States Magistrate Judge Kimberly Priest Johnson pursuant to a written Rule 11(c)(1)(C) binding plea agreement. Docket No. 78. The Court accepted Ferrell's plea on January 21, 2022. Docket No. 95. On September 2, 2022, a Final Presentence Investigation Report was filed, Docket No. 140, and the Court set the sentencing hearing for November 30, 2022.

Meanwhile, on June 27, 2022, the United States Supreme Court issued an opinion in *Ruan v. United States* addressing the scienter requirement for a physician charged with violating § 841. 142 S. Ct. 2370, 2382 (2022). The *Ruan* Court held that, "once a defendant meets the burden of producing evidence that his or her conduct was 'authorized,' the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally acted in an unauthorized manner." *Id.* at 2376. The Court vacated two lower court decisions holding that the Government need only prove that the defendant's conduct was unauthorized "based on an *objective* standard, not a subjective standard." *Id.* (emphasis in original).

On November 21, 2022, Ferrell filed the present motion. Docket No. 165. Ferrell argued that he should be permitted to withdraw his guilty plea in light of *Ruan*. Ferrell contended that his plea "was based on an informed understanding that the law, as it existed at the time of the plea, would have evaluated his conduct against that of the now expressly-rejected 'hypothetically reasonable doctor.'" Docket No. 165 at 3–4 (quoting *Ruan*, 142 S. Ct. at 2381). He further maintained that he subjectively believed at the time—and continues to believe today—that the actions "for which he is criminally charged were appropriate and authorized in his practice of medicine." *Id.* at 3.

The Government opposed the motion, arguing that Ferrell's guilty plea was based on a proper understanding of the law: "The problem for Ferrell is that in his change of plea hearing, he expressly admitted that he knowingly issued unauthorized prescriptions." Docket No. 169 at 10.

The Court held a hearing on Ferrell's motion on November 30, 2022, and orally denied it. The Court then sentenced Ferrell pursuant to his January 4 plea agreement.

## II.

A defendant does not have an absolute right to withdraw a guilty plea. *United States v. Lord*, 915 F.3d 1009, 1014 (5th Cir. 2019). Instead, the district court may in its discretion permit withdrawal before sentencing only when the defendant provides a "fair and just reason." *Id.*; FED. R. CRIM. P. 11(d)(2)(b). The burden of establishing a fair and just reason remains always with the defendant. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). Courts in the Fifth Circuit evaluate whether the defendant has carried this burden using several factors known as the *Carr* factors. *United States v. Hardy*, 838 F. App'x 68, 72 (5th Cir. 2020) (citing *United States v. Carr*, 740 F.2d 339, 343 (5th Cir. 1984)). The *Carr* factors include: (1) whether or not the defendant has asserted his innocence; (2) whether or not the government would suffer prejudice if the withdrawal motion were granted; (3) whether or not the defendant has delayed in filing his withdrawal motion; (4) whether or not the withdrawal would substantially inconvenience the court; (5) whether or not close assistance of counsel was available; (6) whether or not the original plea was knowing and voluntary; and (7) whether or not the withdrawal would waste judicial resources. *Id.*

**A.**

Here, Ferrell argues that *Ruan* provides a fair and just reason to withdraw his plea because it changed the law, making him "actually innocent," rendering his guilty plea "involuntary," and thus satisfying the first and sixth *Carr* factors. Docket No. 165 at 3–5. But Ferrell is wrong on this fundamental point. At his plea hearing, the Government properly stated the elements of § 846 based upon a violation of § 841, and Ferrell admitted that he committed each of those elements—including the *mens rea* element recognized in *Ruan*. Listing the elements it would be required to prove at trial, the Government stated:

> First, the United States would have to establish that the Defendant, John Carl Ferrell, who is changing his plea to guilty, is the same person who's been charged. Second, that the events described in the charging instrument occurred in the Eastern District of Texas and elsewhere. Third, that the Defendant John Carl Ferrell and one or more persons in some way or manner made an agreement to commit the crime charged, that is, to *knowingly and intentionally possess with the intent to distribute and dispense outside the normal course of practice and without legitimate medical purpose* a mixture or substance containing controlled substances to wit controlled substances containing detectable amounts of Fentanyl, Morphine, Oxycodone, Oxymorphone, Methadone, Hydrocodone, Hydromorphone, and Methamphetamine salts with the brand name of Adderall. Next, the United States would have to prove that the Defendant John Carl Ferrell knew the unlawful purpose of the agreement and joined in it with the instant to further it. And finally, that the Defendant knew or reasonably should have known and it was foreseeable to the Defendant that the scope of the conspiracy involved the distribution and dispensing of the listed controlled substances.

Docket No. 168 at 5:13–6:11 (emphasis added). The Magistrate Judge then asked Ferrell whether he understood "each of those elements that were set forth" and whether he "admit[ted] that [he] committed each one of those elements." *Id.* at 6:14–15. Ferrell replied "Yes, ma'am." *Id.* at 6:16.

4

Ferrell thus admitted that he "knowingly and intentionally" possessed with the intent to distribute controlled substances "outside the normal course of practice and without legitimate medical purpose." *Id.*; *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) ("Solemn declarations in open court carry a strong presumption of verity." (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Ferrell's admission is consistent with *Ruan*, which held that "§ 841's 'knowingly or intentionally' *mens rea* applies to the 'except as authorized' clause.'"[1] *Ruan*, 142 S. Ct. at 2382. Ferrell claims that he pleaded guilty only to being a "bad doctor" and not to subjectively knowing that his prescriptions were unauthorized. Docket No. 165 at 4. But the record squarely contradicts that claim. Accordingly, "the factual conduct to which the defendant admit[ted] is sufficient as a matter of law to constitute a violation of the statute." *United States v. Marek*, 238 F.3d 310, 314 (5th Cir. 2001) (en banc) (cleaned up) (Rule 11(f) requires the district court to determine whether defendant's conduct satisfies each element of the governing criminal statute).

To be sure, the Fifth Circuit has held that an intervening Supreme Court decision may provide a "fair and just reason for withdrawing [a] plea." *E.g.*, *United States v. King*, 58 F. App'x 597 (5th Cir. 2003) (per curiam). But in those cases, the conduct admitted by the defendant when pleading guilty was no longer a criminal

---

[1] A prescription is "authorized" "when a doctor issues it "for a legitimate medical purpose . . . acting in the usual course of his professional practice." *See Ruan*, 142 S. Ct. at 2375 (quoting 21 C.F.R. § 1306.04(a) (2021)). In its recitation of the elements, the Government here read the inverse of this definition. Docket No. 168 at 5:24–25. Ferrell thus agreed to the knowing commission of unauthorized conduct, consistent with *Ruan*'s holding.

offense after the intervening decision. *See, e.g.*, *United States v. Andrade*, 83 F.3d 729, 731–32 (5th Cir. 1996) (per curiam) (permitting plea withdrawal where defendant admitted to possessing a firearm in his home in violation of 18 U.S.C. § 924(c)(1), but intervening decision held that the firearm must have been "actively employed" during the commission of a crime). Or, as in *King*, the defendant's admissions during his guilty plea were "ambiguous," and his conduct likely no longer violated the law because of the intervening decision. *See* 58 F. App'x at *1 (permitting plea withdrawal where defendant's stipulations regarding child pornography "could refer to images of 'actual' minors or to completely 'virtual' images of minors" following *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002)). *See also United States v. Presley*, 478 F.2d 163, 168 (5th Cir. 1973) ("When the *Rewis* interpretation of the Travel Act was brought to the attention of the trial judge, it should have been clear that the admitted facts may not have been sufficient to warrant a federal charge of violation of Section 1952.").

Here, in contrast, Ferrell expressly admitted to satisfying the *mens rea* element recognized by the Supreme Court in *Ruan*. Accordingly, Ferrell has failed to satisfy the *Carr* factors on which he principally relies: that he is actually innocent under factor one and that his plea was involuntary and unknowing under factor six.

**B.**

Ferrell also fails to show how the other *Carr* factors support his motion.

Factor two considers whether the Government would be prejudiced if Ferrell's motion were granted. This factor is closely intertwined with the fourth factor—

whether the Court would be substantially inconvenienced by permitting a withdrawal—and the seventh factor—whether the withdrawal would waste judicial resources. *United States v. Knatt*, 2022 WL 1912771, at *3 (E.D. Tex. May 24, 2022). Given their similarity, the Court considers them together. *Id.*; *United States v. Hardy*, 838 F. App'x 68, 73 (5th Cir. 2020).

The Government stated at the November 30, 2022, hearing that the case agent investigating and prosecuting this case has since retired. Further, permitting a withdrawal would force the Government to expend time and resources in preparing for an unexpected trial. This factor thus weighs against granting Ferrell's motion. *United States v. Daughtry*, 2022 WL 12139466, at *3 (E.D. Tex. Sept. 27, 2022), *report and recommendation adopted*, 2022 WL 12038719 (E.D. Tex. Oct. 20, 2022) (finding prejudice to the Government in similar circumstances).

Further, granting the motion would substantially inconvenience the Court and expend judicial resources. This case is complex and involves multiple defendants engaged in a conspiracy occurring over several years; a trial would likely require more than a week of testimony and a reorganization of the Court's current docket. *See United States v. McKnight*, 570 F.3d 641, 650 (5th Cir. 2009) (suggesting a two-day trial is sufficient inconvenience to the court). Indeed, the Court presently has 27 trial settings in the next 90 days. Setting this case for trial during that period would thus disrupt the Court's existing docket and take valuable time from "other accused persons awaiting trial, whose cases may lose [] their position on the calendar." *Carr*,

740 F.2d at 346; *see also United States v. Arias*, 2020 WL 6265111, at *4 (E.D. Tex. Oct. 6, 2020), *aff'd*, 2021 WL 6140244 (5th Cir. Dec. 29, 2021).

The third factor—whether Ferrell delayed filing his motion—is neutral at best. Ferrell waited five months after *Ruan* to move to withdraw, and the Government cites cases holding that a delay of three months was untimely. Docket No. 169 at 13 (citing *United States v. Saucedo-Castanon*, 511 F. App'x 308, 311 (5th Cir. 2013); *United States v. Strother*, 977 F.3d 438, 447 (5th Cir. 2020) (collecting cases)). But Ferrell claims that he did not learn of *Ruan* until July, that he raised it with his counsel in August, but that his counsel was in trial in much of August and September. Still, Ferrell waited several additional weeks—until November 21—to file his motion. This factor therefore does not favor a withdrawal. *See United States v. Walton*, 537 F. App'x 430, 435 (5th Cir.) (affirming court's denial of defendant's motion to withdraw guilty plea where the motion was filed five months after the plea was entered).

Finally, the fifth factor asks whether Ferrell received the close assistance of counsel. "In weighing this factor, we look to whether counsel was available to the defendant throughout the proceedings, including whether counsel negotiated the defendant's plea agreement, and whether a defendant was satisfied with his defense counsel." *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019). Here, the Court appointed an experienced member of this District's Criminal Justice Act Panel to represent Ferrell early in his case, and counsel has ably done so throughout the proceedings. Docket No. 17. Appointed counsel negotiated the Rule 11(c)(1)(C) plea

8

agreement on behalf of Ferrell, and Ferrell acknowledged his satisfaction with counsel and the plea agreement at his change-of-plea hearing in January. Docket No. 168 at 6:23–25. Ferrell contends that his counsel's "reasonable opinions of the law at the time [of his plea] have . . . been called into question" after *Ruan*. Docket No. 165 at 4. But, as noted above, Ferrell correctly admitted at his plea hearing that he satisfied the element recognized in *Ruan*, and thus counsel's advice was both reasonable and correct. Accordingly, this factor weighs against granting the motion. *See Knatt*, 2022 WL 1912771, at *4 (finding defendant had close assistance of counsel where defendant stated he was satisfied with the representation of his court-appointed counsel).

## III.

Ferrell has not met his burden to show a fair and just reason to withdraw his plea. *United States v. Still*, 102 F.3d 118, 124 (5th Cir. 1996). Rather, the *Carr* factors, taken together, weigh in favor of denying Ferrell's motion. Accordingly, as stated at the November 30 hearing, the Court **DENIES** Defendant's motion to withdraw his guilty plea.

So **ORDERED** and **SIGNED** this **2nd** day of **December, 2022.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE